UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **ED CV 24-1055-JFW(SPx)** | Date: May 22, 2024 |
| Title: | Jorge Negrete -v- Target Corporation, et al. | |

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

    On April 12, 2024, Plaintiff Jorge Negrete ("Plaintiff") filed a Complaint against Defendant Target Corporation ("Defendant") in San Bernardino County Superior Court. On May 17, 2024, Defendant filed a Notice of Removal, alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

    Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a); *see also Academy of Country Music v. Continental Cas. Co.,* 991 F.3d 1059, 1068 (9th Cir. 2021). In this case, Defendant has failed to demonstrate that the amount in controversy exceeds $75,000. Indeed, although Defendant alleges that "taken together" Plaintiff's economic damages, punitive damages, and attorneys' fees will be "well in excess of $75,000" (Notice of

Removal, ¶ 34), Defendant alleges that Plaintiff's lost wages as of the date of removal are only $16,065.00, which is well under the requisite $75,000.  In addition, although Defendant states that the $16,065.00 does not include lost benefits or future lost wages, Defendant does not make any attempt to quantify those damages.  Similarly, with respect to emotional distress, punitive damages, and attorneys' fees, Defendant fails to make any attempt to quantify those damages.  Instead, Defendant simply cites several cases without providing any context or explanation as to how or why the facts and holdings of those cases apply to this case.  *See* Notice of Removal, ¶¶ 31-33.  As a result, with a starting point of $16,065.00 and no supporting evidence for the other forms of damages requested, the Court concludes that the amount in controversy falls well short of the statutory minimum.

Accordingly, Defendant is hereby ordered to show cause, in writing, no later than May 24, 2024 why this Court should not remand this action for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  If the parties file a stipulation and proposed order remanding this action to state court, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the remand of this action.

IT IS SO ORDERED.